MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
ELODIE BARDON (SBN: 352856)
E-Mail: Elodie@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**THE ART OF TEA, LLC**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ART OF TEA, LLC, | CASE No.  2:25-cv-12365 |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| MOLLY TEA NYC, INC.,  MOLLY TEA MANHATTAN CHINATOWN, INC., MOLLY TEA BK, INC., MEHUI LIN, and DOES 1-20, | <u>**DEMAND FOR JURY TRIAL**</u> |
| Defendants. | |

Plaintiff THE ART OF TEA, LLC ("The Art of Tea" or "Plaintiff,") for its Complaint for Trademark Infringement and Unfair Competition against Defendants MOLLY TEA NYC, INC., MOLLY TEA MANHATTAN CHINATOWN, INC., MOLLY TEA BK, INC., MEHUI LIN, and DOES 1-20, inclusive ("DOES") (collectively "Defendants"), alleges as follows:

## **JURISDICTION AND VENUE**

1.      This is an action under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2.      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), §1338(a) (any Act of Congress relating to patents or trademarks), and §1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws).

3.      This Court has supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

4.      Each Defendant is subject to personal jurisdiction in this judicial district because each Defendant engaged in the acts complained of below in this district, regularly transacts business in this district and, on information and belief, resides here.

5.      Specifically, this Court has personal jurisdiction under California's Long Arm Statutes and the holding of *Panasonic v. L.P. Toepen* (CA 9th 1998) 141 F.3d 131. Defendants (a) transact business throughout the United States including this District; (b) offer their products for sale in interstate commerce via the internet including in this District and (c) have substantial contact with the United States and this District.

6.      This Court also has personal jurisdiction over Defendants because, upon information and belief, they personally reside within this judicial district, and have committed, aided, abetted, contributed to and/or participated in the commission of acts giving rise to this action within the State of California.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), at least because Defendants unlawful conduct undertaken pursuant to the combination and conspiracy alleged herein, had and has a direct effect on business within the State of California.

## THE PARTIES

8. The Art of Tea, LLC ("Plaintiff") is now, and at all times hereinafter mentioned has been a limited liability company organized under the laws of the State of California.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendants are qualified to do business and is doing business in the State of California, County of Los Angeles, by offering its products via the internet to the State of California, County of Los Angeles.

10. The true names or capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 20, inclusive are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this Court to amend this complaint to insert their true names and capacities when the same becomes known to Plaintiff.

11. Molly Tea NYC, Inc., is and was at all times relevant to this complaint a corporation organized under the laws of the State of New York.

12. Molly Tea Manhattan Chinatown, Inc. is and was at all times relevant to this complaint a corporation organized under the laws of the State of New York.

13. Molly Tea BK, Inc., is and was at all times relevant to this complaint a corporation organized under the laws of the State of New York.

14. Mehui Lin is an individual residing in the State of New York, and the alter ego of each and every corporate defendant.

15. The Defendants named herein as DOES 1 through 20, inclusive, and each of them, are currently unknown to Plaintiff, who therefore sues such "DOE" Defendants by fictious names, pursuant to Fed. R. Civ. P. Rule 4 and Central District of California Local Rule No. 19-1. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named "DOE" Defendant is in some manner, means, or degree, responsible

for the events and happenings herein alleged. Plaintiff will amend its Complaint, as necessary, to set forth the true names and capacities of the fictitiously designated "DOE" Defendants when the same have been ascertained.

## FACTS RELEVANT TO ALL ALLEGATIONS

16.     On or about January 31, 2016, Plaintiff began using the flower design mark shown below and registered as United States Federal Trademark Registration No. 5,255,635 ("the Flower Design Mark").  A true and correct copy of Trademark Registration No. 5,255,635 is attached hereto as Exhibit A. The Flower Design Mark was used to promote Plaintiff's teas and related products.



The Flower Design Mark

17.     Over the past nine and a half years, Plaintiff has spent a substantial amount of time and considerable financial resources in exploiting the Flower Design Mark for use on its website, products, advertising, and communications.  Plaintiff continuously used the Flower Design Mark in interstate commerce from January 31, 2016 to the present.

18.     Since the inception of the Flower Design Mark, Plaintiff has spent considerable time and resources in establishing the Mark in the minds of customers as a source of the world's finest teas and botanicals.

19.     Plaintiff's website, www.artoftea.com, has extensively, used, referred to, and prominently displayed the Flower Design Mark for the past 9 1/2 years.

20.     Additionally, Plaintiff's products are offered in numerous physical locations, sometimes as ready to drink beverages, including restaurants, hotels, and resorts, including but not limited to, Universal Studios Orlando; Holland America Cruises; Nobu Hotel – Miami; Carnival Cruises; Gaylord Texan; MGM-RI- Multiple Outlets; Peninsula Hotels; Hyatt Regency Indian Wells; Autocamp - All locations;

Grand Wailea; JW Marriott LA Live; Edgewood Tahoe; Wynn; Caesars Palace; Eataly; Life Time; Earth Bar; Benihana; American Airlines Lounges; Capital One Lounges; AMEX offices; Google offices; Gordon Ramsay; The Venetian Las Vegas; Four Seasons; Wolfgang Puck; IHG Hotels and Resorts; St Regis; The Ritz Carlton; The Huntington Library, Art Museum, and Botanical Gardens; The Phoenician; Waldorf Astoria

21.    On information and belief, Plaintiff alleges that Defendants have recently begun to promote their teas on their website, www.mollyteausa.com, using the flower design pictured below ("the Infringing Mark").  The Infringing Mark is an almost exact duplicate of Plaintiff's Flower Design Mark, and Defendants are using the Infringing Mark to promote the exact same goods, i.e. teas.



The Infringing Mark

22.    The products sold by Defendants using the Infringing Mark are offered to residents of the State of California.

23.    Moreover, Defendants operate at least one physical store in the State of California, located at 425 West Valley Blvd, San Gabriel, CA 91776.  From that store, California consumers are able to walk in and purchase tea-based beverages, accessories, apparel, and other goods bearing the Infringing Mark.  These products can also be purchased by California residents using an online ordering system hosted by Chowbus.com.  Attached as Exhibit B are screenshots of the point of sale system from the online order interface for Defendants' California store showing the infringing products being offered for sale.

24.    Defendants' use of the Infringing Mark on its website and tea products via sales on the internet and in person in California creates a likelihood of confusion in the marketplace as to the origin of goods and services offered thereunder.

COMPLAINT FOR TRADEMARK INFRINGEMENT

25. Defendants are actively promoting their website, and the Infringing Mark on the Internet.

26. As a result of Defendants' use of the Infringing Mark, Consumers in the marketplace are likely to select Defendants' products while thinking that Defendants' products are associated with Plaintiff, Plaintiff's goods, and Plaintiff's services, resulting in a loss to Plaintiff and its partners who are all located in the State of California, County of Los Angeles.

27. Plaintiff has no control over the quality of tea sold by Defendants, or the prices charged and services provided by Defendants, and therefore Plaintiff's goodwill with respect to its the Flower Design Mark is at the mercy of the Defendants.

28. Defendants' use of the Infringing Mark on the goods Defendant provides has caused confusion and mistake and deception on the part of users and purchasers as to the source of the goods and services offered, adversely impacting Plaintiff's business in California, and elsewhere.

29. Defendants' use of the Infringing Mark has resulted in the dilution of the exclusive rights which Plaintiff formerly enjoyed in connection with its trademarks in offering the world's finest teas, botanicals, teaware and apparel, to the great detriment of Plaintiff.

30. Defendants' infringement of the Flower Design Mark has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's Flower Design Mark established in the marketplace through years of expense and effort.

31. Plaintiff's goodwill associated with its trademarks is of substantial value, and Plaintiff will suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of Plaintiff's trade reputation and goodwill.

32. Defendants' infringement will continue unless enjoined by this Court.

33. The natural, probable, and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiff of the benefits of offering

COMPLAINT FOR TRADEMARK INFRINGEMENT

and selling Plaintiff's goods and services under the Flower Design Mark, to deprive Plaintiff of goodwill, and to injure Plaintiffs relations with present and prospective customers.

34.    Plaintiff is informed and believes, and on that basis alleges, that it has lost and will continue to lose substantial revenue as a result of Defendants' wrongful conduct and Defendants' promotion of their website and the Infringing Mark on the Internet. Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.

35.    Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell goods under, and otherwise profit from Plaintiff's Flower Design Mark. As a direct and proximate result of Defendants acts alleged above, Plaintiff has already suffered irreparable damage and has sustained lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until Defendants' actions alleged above are enjoined by this court.

## CLAIMS FOR RELIEF

## CLAIM I

**(Direct Trademark Infringement Pursuant to Section 32 of the Lanham Act)**

36.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

37.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution or sale of goods or services which is likely to result in confusion, mistake or deception.

38.    The Infringing Mark is almost identical to the Flower Design Mark.

39. The goods and services offered under the Infringing Mark are identical to those offered under the Flower Design Mark.

40. Consumers searching for Plaintiff may be directed to Defendants' website as a result of the Infringing Mark.

41. Defendants have used in United States commerce, without the consent of Plaintiff, the Infringing Mark in connection with tea and related services, in a manner likely to result in confusion, mistake, or deception with respect to Plaintiff and the Flower Design Mark, leading the public to believe that Defendants' goods and services emanate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants or Defendants' goods.

42. Through the unauthorized use of the Infringing Mark, Defendants are unfairly benefiting from and misappropriating Plaintiff's goodwill and reputation, resulting in substantial and irreparable injury to the public and to Plaintiff.

43. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44. Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Plaintiff's prior use and ownership of the Flower Design Mark. Defendants' conduct, therefore, is willful and reflects Defendants' malicious and tortious intent to trade on and exploit the goodwill and strong brand recognition associated with the Flower Design Mark, supporting a claim for punitive damages.

45. Defendants' wrongful acts should be preliminarily and permanently enjoined by this Honorable Court and will continue unless so enjoined.

46. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff, which injury has no adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendants, their agents, employees, representatives, and any and all other persons and/or entities acting in concert with them, from engaging further in such infringing acts.

47.    As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, significant damages. Plaintiff is entitled to recover damages in an amount to be established at Trial, plus interest, costs, and attorneys' fees.

48.    Defendants have obtained unjust profits, gains and advantages as a result of their tortious and willful infringement, and will continue to realize unjust profits, gains, and advantages as a result of their infringement as long as such infringement is permitted to continue. Plaintiff is entitled to recover all of Defendants' ill-gotten profits from Defendants in an amount to be established at Trial.

49.    Alternatively Plaintiff is entitled to the maximum statutory damages in the amount of $1,000,000 with respect each willful infringement.

50.    Plaintiff is also entitled to attorney fees under 15 U.S.C. 1117(b).

## CLAIM 2

### (Common Law Trademark Infringement)

51.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

52.    This is an action for common law trademark infringement. This cause of action is separate and independent of the cause of action set forth in Claim 1, but is between the same parties and is based on the same operative facts as set forth in Count 1. This Court has jurisdiction over this action under 28 U.S.C. 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs. This Court also has pendent jurisdiction over this Count 2 pursuant to 28 U.S.C. 1338(b). Venue is proper in this District under 28 U.S.C. 1391.

53.    Plaintiff owns and uses the Flower Design Mark in various forms and styles in connection with the sales of the world's finest teas, botanicals, and related products.

54.    Plaintiff owns and enjoys common law rights in California and throughout the United States in and to the Flower Design Mark in connection with selling teas and

related products.

55.     Defendants' use of the Infringing Mark in connection with teas, is likely to cause and has caused confusion as to the source of Defendants' products in that purchasers thereof likely associate or have associated such products and services with and as originating with the Plaintiff, all to the detriment of the Plaintiff.

56.     Defendant's infringement will continue unless enjoined by this Court.

## CLAIM 3

## (Unfair Competition, False Designation of Origin, and False Description and Representations Pursuant to Section 43(a) of the Lanham Act)

57.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

58.     Defendants' unauthorized use in United States commerce of the Flower Design Mark in connection with the distribution, advertising, promotion, offering for sale, and sale of Defendants' goods constitutes use of a word, term, name, symbol, false designation of origin, and misleading description and representation of fact that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Plaintiff, and as to the origin, sponsorship, association or approval of Defendants' goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Defendants' Infringing Mark constitutes use of a word, term, name, symbol, false designation of origin and misleading description, and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Plaintiff, and as to the origin, sponsorship, association, or approval of Defendants' goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Plaintiff's prior use and ownership of the Flower Design Mark. Defendants' conduct is willful and reflects Defendants' intent to trade on

COMPLAINT FOR TRADEMARK INFRINGEMENT

and exploit the goodwill and strong brand recognition associated with the Flower Design Mark.

61.     Plaintiff has no control over the nature and quality of the expanded line of products and services offered and sold by Defendants. Any failure, neglect, or default by Defendants in providing such products and/or services will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality and services all to the irreparable harm of the Plaintiff.

62.     Defendants' wrongful acts should be preliminarily and permanently enjoined by this Honorable Court and will continue unless so enjoined.

63.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff, which injury has no adequate remedy at law. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants, their agents, employees, representatives, and any and all other persons and/or entities acting in concert with them, from engaging further in such infringing acts.

64.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial damages. Plaintiff is entitled to recover damages in an amount to be established at Trial, plus interest, costs, and attorneys' fees.

65.     Defendants have obtained unjust profits, gains, and advantages as a result of their tortious and willful infringement, and will continue to realize unjust profits, gains, and advantages as a result of their infringement as long as such infringement is permitted to continue. Plaintiff is entitled to recover all of Defendants' ill-gotten profits from Defendants in an amount to be established at Trial.

## CLAIM 4

**(Trademark Dilution Under California Business And Professions Code §14330)**

66.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

67.     This is an action for dilution of the distinctive quality of a mark and

injury to business reputation pursuant to California Business and Professional Code § 14330. This cause of action is separate and independent of the cause of action as set forth in Count 1, but is between the same parties and is based on the same operative facts as set forth in Count 1. Pendent jurisdiction of this Court for Count 4 is therefore present pursuant to 28 U.S.C. § 1338(b). Venue is proper in this District under 28 U.S.C. § 1391.

68.    Through Defendants' use and advertisement of the Infringing Mark on its website and promotion of that site on the Internet, causes a likelihood of injury to the business reputation of the Plaintiff and a likelihood of dilution of the distinctive quality of Plaintiff's Flower Design Mark in violation of California Code § 14330.

69.    By committing the acts herein alleged, Defendants have been guilty of unfair competition, deceptive advertising and unfair trade practices, in violation of the California common law of unfair competition, causing Plaintiff damages and loss of profits. Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

## CLAIM 5

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

70.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

71.    Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent, and/or deceptive business acts, and/or practices in the conduct of any trade or commerce, in violation of California Business and Professions Code § 17200.

72.    Defendants' conduct, in violation of California Business and Professions Code § 17200, *et seq.*, has caused, and is likely to cause, public confusion, deception, mistake, and infringes Plaintiff's rights, including its trademark rights and the goodwill associated with them.

73.    Defendants' acts have caused, and will continue to cause, irreparable

injury to Plaintiff, which injury has no adequate remedy at law. Plaintiff is thus entitled to a preliminary and permanent injunction restraining Defendants, their agents, employees, representatives, and any and all other persons and/or entities acting in concert with them from engaging further in such unlawful acts.

74. Plaintiff is entitled to restitution in the amount of all of Defendant's profits earned in connection with the foregoing tortious activities.

## CLAIM 6

### (Unfair Competition – California Common Law)

75. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

76. By reason of the acts complained of herein, Defendants have unfairly competed with Plaintiff in violation of the common law of the State of California.

77. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts have been done oppressively, fraudulently, and maliciously and with the intent to trade upon the goodwill of Plaintiff and to injure Plaintiff.

78. Plaintiff is entitled to recover, in addition to actual damages, punitive damages for the sake of example and by way of punishing Defendants.

79. Defendants' wrongful acts should be enjoined by this Court and will continue unless so enjoined.

80. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff, and to the public, which injury has no adequate remedy at law. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants and Defendants' agents, employees and representatives, and all persons acting in concert with them, from engaging in further such acts of unfair competition.

81. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages. Plaintiff is entitled to recover damages in an amount to be established at trial.

## CLAIM 7

### (Unjust Enrichment)

82.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

83.     As a direct and proximate consequence of the wrongful conduct alleged hereinabove, a benefit was conferred upon Defendants in the form of profits from the use of the Infringing Mark.

84.     Defendants were conscious that they received this benefit at the expense and to the injury of Plaintiff.

85.     The circumstances as set forth hereinabove would make it inequitable for Defendants to retain the benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendants as follows:

a) That Defendants, their officers, agents, employees, representatives, servants, successors, assigns, and any and all persons, firms, corporations, and/or entities either acting directly or indirectly in concert with them or under their direction, control, or authority, be permanently enjoined from further use of the Art of Tea Marks in relation with any of the products covered by the Art of Tea Marks and enjoined from further use of the Art of Tea Marks in relation with any of the products covered by the Art of Tea Marks preliminarily during the pendency of this action and permanently thereafter;

b) That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendants have derived as a result of their Trademark Infringement, false designation of origin, unfair competition, and other misconduct specified herein, in an amount to be determined at Trial;

c) That Plaintiff be awarded treble damages in accordance with section 35 of

the Lanham Act, 15 U.S.C. § 1117, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and intentional nature of Defendants' conduct;

d) That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

e) That Plaintiff be awarded general and special damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full.

f) That Plaintiff be awarded punitive and exemplary damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full.

g) That Plaintiff be awarded an order restoring to Plaintiff all profits and proceeds that the Defendants obtained from their wrongdoing, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full.

h) That Defendants be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein;

i) That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: December 30, 2025

*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**THE ART OF TEA, LLC**

## DEMAND FOR JURY TRIAL

The Art of Tea hereby demands trial by jury on all claims and issues so triable.


                                    Respectfully submitted,

                                    **HANKIN PATENT LAW, APC**
Dated: December 30, 2025            */Marc E. Hankin/*
                                    Marc E. Hankin, Esq.
                                    Attorneys for Plaintiff,
                                    **THE ART OF TEA, LLC**